# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| JESSE VARGAS,             ) | |
|          Plaintiff,      ) | |
|               ) | |
|      v.                ) | Cause No.: 2:14-CV-288-JTM-PRC |
|               ) | |
| LAKE COUNTY POLICE DEPARTMENT,    ) | |
| SHERIFF JOHN BUNCICH, solely in his    ) | |
| official capacity as Lake County Sheriff, and    ) | |
| HENRY WORONKA, individually and in    ) | |
| his official capacity,            ) | |
|          Defendants.     ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Discovery Responses from Defendant Sheriff John Buncich [DE 24], filed on March 25, 2015. Defendant Buncich filed a response on April 8, 2015, and Plaintiff filed a reply on April 10, 2015.

### I. Background

This is a civil rights case arising out of an alleged altercation in which Plaintiff was harassed and pushed at work by Defendant Woronka. This case is now in the discovery phase.

Plaintiff served Defendant Buncich with written discovery requests on December 17 and 22, 2014. After an informal extension of time, Defendant Buncich served Plaintiff with responses to those requests on February 26, 2015, raising a number of objections. Plaintiff's attorneys found these objections unpersuasive and, on March 2, 2015, sent Defendant Buncich's attorneys a letter, outlining their concerns and stating that, if their concerns were not addressed within fourteen days, Plaintiff would file a motion to compel. Plaintiff's attorneys also tried calling one of Defendant Buncich's attorneys, but he did not pick up, and they were unable to leave a voice mail as his voice mail box was full.

Defendant Buncich did not respond to the letter, and Plaintiff filed this motion, asking that the Court compel Defendant Buncich to provide complete discovery responses and to pay reasonable costs and attorney fees incurred in bringing this motion.

## II. Analysis

Federal Rule of Civil Procedure 37(a)(1) requires that motions brought under Rule 37 "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Generally, courts have held that the threshold for what counts as a good-faith conferral is rather low. *See, e.g.*, *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193 (N.D. W. Va. 2000) (ruling that a single correspondence was sufficient under the totality of the circumstances); *Alloc, Inc. v. Unilin Beheer B.V.*, 03-C-1266, 2006 WL 757871 (E.D. Wis. Mar. 24, 2006) (explaining that multiple letters were sufficient). Other courts have held the bar somewhat higher. For example, in *Pinkham v. General Products Corp.*, the court found that five letters didn't "amount to a conference" or "suggest . . . that a real conference would be futile." *Pinkham v. Gen. Products Corp.*, No. 1:07-CV-174, 2007 WL 4285376, at *1 (N.D. Ind. Dec. 3, 2007) (citing *Williams v. Bd. of Cnty. Comm'rs of Unified Gov't of Wyandotte Cnty. & Kansas City, Kan.*, 192 F.R.D. 698, 700 (D. Kan. 2000) ("A single [unanswered] letter between counsel which addresses the discovery dispute, however, does not satisfy the duty to confer.")). What matters isn't so much the number of letters or phone calls, but whether, in context, the effort gives off the aroma of a sincere attempt to work things out. *See Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996) ("'Good faith' is tested by the court according to the nature of the dispute, the reasonableness of the positions held by the respective parties, and the means by which both sides

conferred.").

The record before the Court indicates that much of this dispute could have been resolved without court action had Plaintiff followed up the initial phone call and letter with other subsequent communication. Not only were Plaintiff's efforts meager, but, as Defendant Buncich points out, Plaintiff did not attempt to address this dispute via email even though the attorneys on both sides were engaging in email communication during the relevant time period. In fact, on March 2, 2015—the same date that Plaintiff's attorneys mailed the letter and made the phone call—both sides used email to discuss a different discovery dispute. That other discovery issues were discussed (and, it seems, resolved) by the same attorneys via email at the same time suggests that Plaintiff should have tried this avenue before filing a motion to compel. And it appears from Defendant Buncich's response that, had Plaintiff done so, many of the disputes could readily have been resolved.

Plaintiff contends that the duty of good faith conferral applies to both parties and that any failure on his part is rendered insignificant by Defendant Buncich's lack of response. While some cases do talk about the duty of conferral belonging to all parties involved, the Rule's text and structure leave no doubt that the responsibility rests with the movant to have made sure that a good-faith conferral occurs or, alternatively, to show that the movant made a good-faith attempt to have such a conference. *Compare Pinkham*, 2007 WL 4285376, at \*1 ("Before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." (quoting *Robinson v. Potter*, 453 F.3d 990, 994-95 (8th Cir. 2006)) *with* Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that *the movant* has in good faith conferred or attempted to confer . . . ." (emphasis added)); *accord* N.D. Ind. L.R 37-1(a).

There is thus no merit to Plaintiff's contention that "Defendant's failure to reply" to the letter

"killed any potential to resolve this issue, let alone in good faith." DE 28 at 4. Plaintiff's attorneys could have sent follow-up emails; they could have made additional phone calls; they could have sent a second letter. They did none of these things and therefore have fallen a bit short of the good-faith effort required. Moreover, though the motion addresses the substance of the conferral requirement, Plaintiff failed to file a "separate certification" as required by the Local Rules of this district. N.D. Ind. L.R. 37-1. "The court may deny any [discovery motion] if the required certification is not filed." *Id.*

The Court also notes that Plaintiff's opening brief is confusing; it contains a maze of cross-referencing and long lists of citations to the record without much context or explanation. Discovery disputes are often messy affairs that require the Court to look at a number of similar issues one after another. But the briefing should clarify things, not send the Court on a research expedition. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Plaintiff's future filings should make a greater effort at distilling the issues and presenting them to the Court in an accessible and organized form. And, as just explained, it seems that things could have been clarified significantly had Plaintiff made a more assiduous effort to resolve these disputes without court action.

### III. Conclusion

For these reasons, the Court **DENIES** Plaintiff's Motion to Compel Discovery Responses from Defendant Sheriff John Buncich [DE 24]. Further, while Rule 37 generally requires the Court to award the prevailing party reasonable expenses and attorney fees, it declines to do so here. *See* Fed. R. Civ. P. 37(a)(5)(B). While Plaintiff should have done more to resolve this issue without court action, it is also true that Defendant Buncich should have been more conscientious in addressing the original letter, which he at no point denies receiving. It would be unfair to reward this

conduct, and the Court accordingly **DECLINES** to award Defendant Buncich any costs or fees incurred in opposing this motion.

SO ORDERED this 28th day of May, 2015.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES MAGISTRATE JUDGE